Charles ROBERT, Plaintiff–Appellant,

v.

The NATIONAL ARCHIVES, Defendant–Appellee.

No. 00–6196.

United States Court of Appeals, Second Circuit.

Jan. 12, 2001.

Charles Robert, Robert, Lerner & Robert, Rockville Centre, NY, for plaintiff-appellant.

Kathleen A. Mahoney, Assistant United States Attorney for the Eastern District of New York, for Loretta E. Lynch, United States Attorney for the Eastern District of New York; Varuni Nelson, Assistant United States Attorney for the Eastern District of New York, Of Counsel, for defendant-appellee.

Present FEINBERG, SOTOMAYOR, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*) dismissing a claim for the release of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

In October 1995, Charles Robert made a FOIA request to the National Archives and Records Administration ("NARA") for the "universe of documents" allegedly generated from FBI Agent Carol Allison's 1989 interview of Robert at the Office of Independent Counsel Lawrence Walsh concerning the diversion of funds to the International Medical Center ("IMC"). NARA had custody of the files of Independent Counsel Walsh and conducted a search in response to Robert's request.

On November 9, 1995, NARA informed Robert that it had found 26 documents relating to the IMC that Robert could review or copy with the exception of (1) the name of one government employee that it redacted from one of the IMC documents pursuant to 5 U.S.C. § 552(b)(7)(C), a redaction it informed Robert he could appeal, and (2) the portion of a second document that NARA had referred to another agency for review. The letter also stated that the sole reference to Robert found during NARA's search consisted of an entry in a visitor log, a copy of which was enclosed with the letter. NARA stated that it was unable to find any other reference to Robert, an interview with Robert, or any records created by Carol Allison in the records of Independent Counsel Walsh, but assured Robert that further searches would be conducted when electronic indices of a "Bulky Evidence File" became available.

Robert appealed the decision to redact the name of the government employee

from the IMC document. In a December 28, 1995 letter to Robert, a Deputy Archivist of the United States affirmed the decision to withhold the name for privacy reasons, informed Robert that NARA was still waiting for a response from another agency reviewing portions of a second document, and added that NARA's continued review of the Bulky Evidence file had located some documents created by Carol Allison but none that related to Robert's FOIA request.

In a letter dated April 3, 1996, NARA advised Robert that, after consultation with the Central Intelligence Agency, it had concluded that it would continue to withhold portions of the second document pursuant to 5 U.S.C. § 552(b)(3) which exempts from disclosure intelligence sources and methods. The letter also stated that Robert had 35 days to appeal this decision. Six months later, on October 13, 1997, Robert requested an "expedited decision" regarding his FOIA request. In response, NARA sent Robert copies of its two prior decisions. Robert then asked for a "final FOIA decision," to which NARA responded that it had advised him of its final decision by its December 28, 1995 and April 3, 1996 letters. Robert claimed that he had not received either letter. NARA allowed him more time to appeal the April 3, 1996 decision, Robert appealed, and NARA again affirmed its decision to withhold portions of the relevant document under 5 U.S.C. § 552(b)(3).

Robert then sued several federal agencies under the pseudonym "Snowflake 5391" presenting a variety of claims. The district court granted a motion to sever all claims except that related to Robert's FOIA request to NARA. The district court subsequently granted NARA's Fed. R.Civ.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

■ Subject matter jurisdiction for FOIA litigation "is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). Documents are "withheld" when an agency denies valid access to documents within its control. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 149–50, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989).

■ Robert's claim rests upon the faulty factual premise that NARA had located certain documents that it then refused to disclose to Robert. The record demonstrates that NARA made available to Robert all 26 documents it had located in response to Robert's FOIA request, redacting a name from one document pursuant to 5 U.S.C. § 552(b)(7)(C), and redacting other information from a second document pursuant to 5 U.S.C. § 552(b)(3). The statement by a NARA Deputy Archivist on which Robert bases his claim that NARA withheld documents, when read in context, makes plain Robert's error, explaining that "NARA determined that the release of some of the information in one of the documents you sought had to be withheld.... After reviewing the material again, I have determined that this material would still lead to the disclosure of intelligence sources and methods and thus must remain withheld under the provisions of 5 U.S.C. § 552(b)(3)." Because there is no evidence that NARA withheld any documents in response to Robert's FOIA request, the district court correctly found that the court did not have jurisdiction to review Robert's claim that NARA had withheld documents in violation of 5 U.S.C. § 552.

Even if we were to construe Robert's claim as suggesting that NARA "withheld"

documents by its lack of diligence in conducting the requested search, the Declaration of NARA's FOIA officer found in the record adequately establishes that NARA properly discharged its statutory duties, warranting summary judgment. *See Carney v. Dep't of Justice,* 19 F.3d 807, 812 (2d Cir.1994) (affidavits or declarations indicating that the agency has conducted a thorough search are sufficient to sustain the agency's burden of proving adequacy of search). Robert goes on to assert that "[i]f NARA does not have custody of the documents, then it can be reasonably concluded that the CIA has custody of the documents withheld pursuant to FOIA Exemption 3," and further insinuates that these documents may have been transferred to the CIA to circumvent compliance with Robert's FOIA request. Robert presented no evidence whatsoever to support these allegations and therefore they have no bearing on this litigation. *Cf. Tax Analysts,* 492 U.S. at 145 (documents are subject to disclosure only if "the agency [is] in control of the requested materials at the time the FOIA request is made").

Robert also claims that NARA failed to file a "Landano declaration" explaining why NARA chose to redact a name from one document pursuant to 5 U.S.C. § 552(b)(7)(C). Such a declaration may be required for records exempt from disclosure under 5 U.S.C. § 552(b)(7)(D) for reasons of confidentiality, but not, as here, for the redaction of documents pursuant to 5 U.S.C. § 552(b)(7)(C) for privacy reasons. *See United States Dep't of Justice v. Landano,* 508 U.S. 165, 178–80, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993) (exemption for information related to identity of confidential sources under 5 U.S.C. § 552(b)(7)(D) requires the Government to show that a source provided information on an implied assurance of confidentiality).

We have considered all of Robert's other arguments and find them without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.